```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

**CHARLES L. STRINGER**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 3:05-CV-28BN**

**KATHLEEN MAY AND SAFEWAY INSURANCE**
**COMPANY**                                                          **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1. The Motion for Summary Judgment of Defendants [docket entry no. 31] and

2. The Motion of Plaintiff for De Novo Review of Magistrate's Order [docket entry no. 36].

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds as follows:

1. The Motion for Summary Judgment of Defendants is well taken and should be granted.

2. The Motion of Plaintiff for De Novo Review of Magistrate's Order is not well taken and should be denied as moot.

**I.   Factual Background and Procedural History**

Plaintiff Charles Stringer, who is proceeding in this matter *pro se*,[1] brings this action against his automobile insurer, Defendant Safeway Insurance Company ("Safeway") and one of its adjusters, Defendant Kathleen May. Plaintiff's claims against Defendants arise out of an automobile accident that occurred on November 17, 2003, between Plaintiff and a third party, Carla Eubank. As a result of the accident, Plaintiff filed a first-party claim with Safeway for the property damage to his covered automobile as well as expenses he incurred from bodily injuries he allegedly sustained during the wreck.[2]

Determining that Plaintiff's 1996 Ford Ranger was a total loss, Safeway sent a letter to Plaintiff on November 26, 2003, offering to settle the property claim for $2,275.00 – the appraised cash value of Plaintiff's automobile – less his $500.00 deductible. See Exhibit "C" to Defendant's Motion for Summary Judgment. Safeway however denied coverage of Plaintiff's claim for medical expenses on the basis that his insurance policy did not cover first-party bodily injury claims. See Exhibit "D" to Defendant's Motion for Summary Judgment.  Plaintiff accepted the property damage offer and

---

[1] Because Plaintiff is proceeding in this case *pro se*, his pleadings must be liberally construed. Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997).

[2] Eubank also filed suit against Plaintiff after the accident. As Defendant's liability insurer, Safeway defended Plaintiff in that suit and eventually settled the claim with Eubank.

executed a "Release for Property Damage" ("Release") on December 3, 2003. See Exhibit "E" to Defendant's Motion for Summary Judgment.

Plaintiff filed this action on November 23, 2004, in the County Court of the First Judicial District of Hinds County, alleging that (1) his automobile was worth more than the amount he accepted; (2) he was forced to sign the Release under duress; and (3) that Defendants wrongfully denied coverage of expenses related to his bodily injuries. The Complaint asserts claims of gross negligence, breach of fiduciary duty, breach of contract, fraud and a claim under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights. Defendants subsequently removed the case to this Court on January 12, 2005, and now move for summary judgment.

Plaintiff has also moved the Court to review the November 21, 2005, Order of United States Magistrate Alfred Nicols wherein Judge Nicols denied Plaintiff's Motion to Compel a response to Plaintiff's request for production of documents.

## II.   Analysis – Motion for Summary Judgment

**II.A. Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

**II.B. Analysis**

In the case *sub judice*, Plaintiff alleges that the amount he received in settlement for his property damage claim was insufficient. Defendant's however contend that Plaintiff's execution of the Release in exchange for the settlement he received bars further recovery under the equitable doctrine of accord and satisfaction. In <u>Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.</u>, 857 So.2d 748, 754 (Miss. 2003), the Supreme Court of Mississippi outlined the following four requirements of accord and satisfaction:

> First, something of value must be offered in full satisfaction of demand. Second, the offer must be accompanied by acts and a declaration which amount to a condition that if the thing offered is accepted, it is accepted in satisfaction. Third, the party offered the thing of value is bound to understand that if he takes it, he takes it subject to the conditions. Last and

fourth, the party must actually accept the item offered. (Internal citations omitted). The Court finds that Plaintiff's acceptance of Defendant's settlement offer in exchange for his execution of the Release meets all the requirements of accord and satisfaction set forth in Royer Homes. Although Plaintiff alleges in his Complaint that the Release was a product of duress, there is no admissible evidence of duress before this Court.

Further, there is no merit to Plaintiff's claim that he was entitled to bodily injury coverage under his automobile insurance policy. The declaration page of Plaintiff's insurance policy reflects that Plaintiff did not purchase first-party medical payments coverage. See Exhibit "D" to Defendant's Motion for Summary Judgment. Plaintiff mistakenly believes that his bodily injury claim is covered under the bodily injury *liability* coverage of his policy. However, the "Exclusion" section under the bodily injury *liability* coverage of the policy unequivocally states that bodily injuries suffered by the insured or his family are excluded from coverage.

Finally, Defendants are clearly not state actors for purposes of 28 U.S.C. § 1983; therefore, Plaintiff's constitutional claims are without merit.

Accordingly, the Court finds that Plaintiff has failed to present the Court with any evidence that would create a genuine issue of material facts to support any of the claims made in the

Complaint. Defendants' Motion for Summary Judgment must therefore be granted.

### III. Analysis – Motion for De Novo Review

Because the Court granted Defendant's Motion for Summary Judgment, Plaintiff's Motion for De Novo Review of Judge Nicols' Order is now moot. Accordingly, the Court must deny Plaintiff's Motion for De Novo Review as moot.

### IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendants [docket entry no. 31] is well taken and is hereby granted. This action is hereby dismissed with prejudice. A Final Judgment reflecting the final resolution of this matter will be entered.

IT IS FURTHER ORDERED that the Motion of Plaintiff for De Novo Review of Magistrate's Order [docket entry no. 36] is not well taken and is hereby denied as moot.

SO ORDERED this the 7th day of February, 2006.

                                          s/ William H. Barbour, Jr.
                                          UNITED STATES DISTRICT JUDGE

blj